UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| – – – – – – – – – – – – – – – – – – – – x | |
| In the Matter of the Application of : | Case No. 17-misc- |
| COMMERCIAL BANK OF DUBAI : | |
| Petitioner, : | *EX PARTE* PETITION FOR AN ORDER UNDER |
| for an Order under 28 U.S.C. § 1782(a) Authorizing : Service of a Subpoena to Require Testimony and the Production of Documents by : | 28 U.S.C. § 1782(a) |
| ALISHAEV BROTHERS, INC., : ALISHAEV JEWELRY REFINING CORP., DANIELA DIAMONDS : JACOB & CO. JACOB ARABO : MADISON AVENUE DIAMONDS : | |
| Respondents, : | |
| for Use in an Action in Lawsuit No. 4733/2104, Sharjah Court of First Instance, Plenary Commercial, Sharjah, UAE; : | |
| : | |
| – – – – – – – – – – – – – – – – – – – – : | |

Commercial Bank of Dubai ("CBD") petitions the Court for an *ex parte* order under 28 U.S.C. § 1782(a) authorizing service of subpoenas, in substantially the form of Exhibits A through L hereto, directing Respondents Alishaev Brothers, Inc., Alishaev Jewelry Refining Corp., Daniela Diamonds, Jacob & Co., Jacob Arabo, and Madison Avenue Diamonds, all individuals and corporations that reside or may be found in this Court's district, to (i) provide documents responsive to the document subpoenas set forth in the attached Exhibits A to F,

and, if needed by Petitioner, (ii) testimony under oath related to matters specified following production of the requested documents, as set forth in deposition subpoenas in the attached Exhibits G to L.  (CBD will pay witness fees in the event that it serves deposition subpoenas.)  In support thereof, CBD respectfully represents and alleges:

### Introduction

CBD petitions the Court as an "interested person" under 28 U.S.C. § 1782(a) for an order authorizing the service of discovery subpoenas on Respondents for production of documents (and, potentially, testimony) for use in an ongoing foreign proceeding.

### Nature of the Action

1. On October 10, 2014, CBD filed a Statement of Claim initiating a lawsuit, *Commercial Bank of Dubai v. Al-Sari. et al.*, Lawsuit No. 4733/2014, in the Sharjah Federal Court of the First Instance, Plenary Commercial Department, United Arab Emirates ("UAE") (the "Sharjah Action").  On January 18, 2016, CBD filed a Statement of Involving New Opponent in the Sharjah Action, naming additional defendants in the Sharjah Action (known as "involved opponents").

2. The defendants and involved opponents in the Sharjah Action are (i) Mohamed Abduallah Juma Al-Sari, (ii) Majid Abdullah Juma Al-Sari, (iii) Abdullah Juma Majid Al-Sari (collectively, the "Al-Sari Individual Defendants"), and (i) Horizon Energy Co. LLC, (ii) Sari Investments Company LLC, (iii) Alsoor Investments LLC, (iv) Alsoor General Trading LLC, (v) Grand Valley General Trading LLC, and (vi) Investment Private Group Ltd. (collectively, the "Al-Sari Company Defendants").

3. As alleged in more detail below, the Sharjah Action involves claims that are, in many respects, similar to claims for fraudulent conveyance under New York law.

4. More specifically, in the Sharjah Action, CBD alleges that:

a. CBD extended a loan in the amount of AED 472,676,345.71 (approximately $118 million) to FAL Oil Co. LLC, a UAE company.

b. The CBD loan to FAL Oil Co. LLC was guaranteed by Investment Private Group Ltd ("IPGL") and by the Al-Sari Individual Defendants, who are the owners of FAL Oil Co. LLC and IPGL.

c. FAL Oil Co. LLC defaulted on its debt to CBD, and the Al-Sari Individual Defendants and IPGL defaulted on the gurantee obligations in their capacity as guarantors of the loan from CBD to FAL Oil Co. LLC.

d. The Al-Sari Individual Defendants engaged in a campaign of ongoing fruadulent conveyances to avoid honoring FAL Oil Co. LLC's debt to CBD and their guarantee obigations to CBD. Specific allegations (quoted from certified English langauge translations of CBD's filings in the Sharjah Action) include the following:

- "[F]or the purpose of inflicting damage on the Plaintiff Bank [CBD], the [Al-Sari Defendants] . . . have disposed of a number of their real estate properties, [and] . . . . are still doing so, where they alienated the title-deeds of those properties to other parties to evade the settlement of the debt due to them, and for the purpose of inflicting damage to the Plaintiff Bank's rights as well as for depriving the Plaintiff Bank from the guarantees of the debt due to it."

- "[The Al-Sari Individual] Defendants have resorted to a systematic method from the date of their default under the loan for disposing of their assets by squandering the assets of FAL Oil Co. L.L.C. through alienating their assets and personal funds to individuals and companies to evade the settlement of the liabilities arranged on them while concealing themselves behind those new companies established by them."

- "Defendants have established new companies and have transferred their shares in existing companies to the names of their wives, daughters or relatives. And the Defendants are managing those companies through their relatives of first degree as camouflage for their business. And that the Defendants have transferred a great part of the properties, assets and clients of FAL Oil Co. L.L.C. to other companies, either belonging to them or they have shares in those companies."

- For example, the Al-Sari Individual Defendants transferred property, assets and clients of FAL Oil Co. LLC to another company—Horizon Energy Company (UAE)—which is owned by Al-Soor General Investments Company LLC and IPGL, both of which, in turn, are owned by the Al-Sari Individual Defendants.

- Similarly, the Al-Sari Defendants have placed assets with companies, typically incorporated in 2013 or later, nominally owned individuals such as their wives and minor children, but in fact benefially owned and controlled by the Al-Sari Individual Defendants, including: (i) Sari Investment Company (established in 2014, and nominally held by the wife and two minor children of Al-Sari Individual Defendants, but in fact controlled by Mohamad Adbullah Juma Al-Sari); (ii) Alsoor Investments LLC (established in 2014, and nominally held by the wife and two minor children of

– 4 –

Al-Sari Individual Defendants, but in fact controlled by Mohamad Adbullah Juma Al-Sari); and Alsoor General Trading Company, LLC.

  e. Accordingly, in the Sharjah Action, CBD seeks to unwind the foregoing and other fraudulent conveyances. CBD explains: "Whereas the [Al-Sari Individual Defendants] have disposed of their assets to evade settlement of the debt due from them for the purpose of inflicting damage to the rights of the Plaintiff Bank, then the latter has the right of calling for the invalidity of the above-menionted actions."

  f. CBD bases its action on UAE law, pursuant to Article 397 of UAE Civil Procedures Law, which provides in relevant part: "if the creditors claimed the debt due to them from the debtor who guaranteed his debt by his assets in favor of those creditors, then the debtor may not donate his assets or to dispose of them, whether against return or not. Otherwise, the creditors may request the invalidity of any action taken by the debtor, and may request the sale of his assets and to distribute the collected sale amount among them pursuant to the law provisions."

5. Among the issues that CBD wishes to prove through the introduction of evidence in the Sharjah Action are the following, all of which are essential elements of case in the Sharjah Action:

  a. That the Al-Sari Individual Defendants have acted intentionally, deliberately and/or wrongfully to frustrate CBD's efforts to collect the debt that FAL Oil Co. LLC owes to CBD and on the guarantees that the Al-Sari Individual Defendants and IGPL have made to CBD;

      b.     That the Al-Sari Individual Defendants have divested assets of FAL Oil Co. LLC in excess of FAL Oil Co. LLC's debt to CBD;

      c.     That the Al-Sari Individual Defendants have divested their own assets in excess of of their guarantee obligations to CBD; and

      d.     That although the Al-Sari Individual Defendants have nominally "divested" certain assets by transferring those assets to companies nominally "owned" and/or "controlled" by their relatives (including minor children and an elderly wife), in fact Al-Sari Defendants continue to own and control the purportedly "divested" assets.

6.     In addition, to the extent that CBD is able to identify other instances of fraudulent conveyances by the Al-Sari Individual Defendants and/or FAL Oil Co. LLC, CBD reasonably anticpates that it will add claims to the Sharjah Action to unwind such transactions.

7.     The Al-Sari Individual Defendants and FAL Oil Co. LLC have been making, and continue to make, affirmative efforts in the United States to prevent CBD from collecting on their debt and guarantees to CBD.  Among other things, the Al-Sari Individual Defendants have (a) purchased assets through shell companies, rather than in their own names, (b) recently liquidated their U.S. real estate holdings, and (c) purchased, on behalf of themselves and/or FAL Oil Co. LLC, signifcant quantities of investment grade diamonds (and other jewelry).  On information and belief, the Al-Sari Individual Defendants have made, and/or intend to make, fraudulent conveyances of the foregoing assets to recipients in the UAE and in other foreign countries.

8. On information and belief, companies and/or shell companies that may be the recipients of fraudulent conveyances of assets of the Al-Sari Individual Defendants and/or FAL Oil Co. LLC include, but are not limited to, the following entities (collectively, the "Al-Sari Transferees"):

   a. Signature Diamond LLC (UAE);

   b. Gulf General Investment Company plc ("GGICO") (UAE);

   c. GGI Retail (UAE);

   d. GGICO Luxury (UAE);

   e. GGICO Properties (UAE);

   f. GGI Entertainment (UAE);

   g. TIME Hotels and Resorts (UAE);

   h. en vogue (UAE);

   i. Horizon Energy (UAE);

   j. Delma Exchange (UAE);

   k. Sari Holdings LLC;

   l. Lodge Hill Ltd. (BVI);

   m. Westdene Investments Ltd. (BVI); and

   n. Hortin Holdings Ltd. (BVI).

9. On information a belief, and based upon ongoing investigation by CBD, Respondents are jewelry merchants and wholesalers from which FAL Oil Co. LLC and/or the Al-Sari Individual Defendants purchased investment grade diamonds and other jewelry. For example, Mohamed Abduallah Juma Al-Sari and FAL Oil Co. LLC purchased from

Respondents Alishaev Brothers a D-VS oval stone, 16.10 carats, for $1,019,130, and a round stone, 21.05 carats, for $1,103,020.

10. CBD seeks, under 28 U.S.C. § 1782(a), an order from this Court permitting CBD to seek in discovery from entities in the Southern District of New York to obtain evidence that CBD needs for the Sharjah Action.

11. 28 U.S.C. § 1782(a) provides, *inter alia*,:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal. . . .  The order may be made . . . upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.

**Parties to this Proceeding**

12. CBD is a publically traded UAE banking and financial services corporation headquartered in Dubai. It is the 35th largest bank in the Persian Gulf region.

13. On information and belief, Respondents Alishaev Brothers, Inc. and Alishaev Jewelry Refining Corp. have their principal place of business at 55 West 47th Street, Suite 370, New York, NY, 10036.

14. On information and belief, Respondent Daniela Diamonds has its principal place of business at 24 West 47th Street, New York, NY, 10036.

15. On information and belief, Respondents Jacob & Co. and Jacob Arabo have their principal place of business at 48 East 57th Street, New York, NY 10022.

16. On information and belief, Respondent Madison Avenue Diamonds has its principal place of business at 725 Fifth Avenue, New York, NY 10022.

**Jurisdiction and Venue**

17. This Court has jurisdiction over the subject matter of petitioner's claim under 28 U.S.C. §§ 1331 and 1782(a) because this petition raises a federal question under 28 U.S.C. § 1782(a).

18. Venue is proper in this District under 28 U.S.C. § 1782(a) because Respondents reside or may be found within the District.

**Documents Requested From Respondents**

19. To prove that the transactions at issue in the Sharjah Action are in fact fraudulent conveyances (or akin thereto) under applicable UAE law, and to identify any additional fraudulent transfers by the Al-Sari Individual Defendants and/or FAL Oil Co. LLC, CBD seeks the following discovery from Respondents:

- Invoices for purchases of any items from the Respondents by the Al-Sari Individual Defendants, the Al-Sari Company Defendants, the Al-Sari Transferees, or FAL Oil LLC;

- Invoices for sales of any items to Respondents by the Al-Sari Individual Defendants, the Al-Sari Company Defendants, the Al-Sari Transferees, or FAL Oil LLC;

- Unique identification numbers (e.g., Gemprint, Forevermark), grading report and/or certificate for each diamond or other stone for which the Al-Sari Individual Defendants, the Al-Sari Company Defendants, the Al-Sari Transferees, or FAL Oil LLC paid any Respondent $100,000 or more;

- Documents sufficient to identify each address to which Respondents shipped any item purchased by the Al-Sari Individual Defendants, the Al-Sari Company Defendnats, the Al-Sari Transferees, or FAL Oil LLC;

- Documents showing the names of banks or other custodians that have been used by the Al-Sari Individual Defendants, the Al-Sari Company Defendants, the Al-Sari Transferees, or FAL Oil LLC to keep custody of diamonds, stones or jewelry;

- Documents (e.g., SWIFT messages, bank account statements, cancelled checks) sufficient to show the source (e.g., name of sender, bank of sender, account number of sender) of funds for any non-cash payment made by the the Al-Sari Individual Defendants, the Al-Sari Company Defendants, the Al-Sari Transferees, or FAL Oil LLC to Respondents;

- Documents (e.g., SWIFT messages, bank account statements, cancelled checks) sufficient to show the destination (e.g., name of recipient, bank of recipient, account number of recipient) of funds for any non-cash payment made by Respondents to the Al-Sari Individual Defendants, the Al-Sari Company Defendnats, the Al-Sari Transferees, or FAL Oil LLC; and

- Documents sufficient to show any debt that the Respondents owe to the Al-Sari Individual Defendants, the Al-Sari Company Defendants, the Al-Sari Transferees, or FAL Oil LLC.

20.     These CBD document requests are relevant and tailored to establish several critical points in the Sharjah Action.

        a.      The document requests seek evidence that the Al-Sari Individual Defendants have acted intentionally, deliberately and/or wrongfully to frustrate CBD's efforts to debt and guarantee collection efforts.  This may include, for example, documents showing transactions (i) without a reasonable business purpose, (ii) timed to frustrate CBD's debt enforcemnt efforts, (iii) that lack consideration, and (iv) that involve "roundtrip" transactions or other nominal "divestment" of assets as to which the Al-Sari Individual Defendants in fact retain the beneficial ownership and use of the assets.

        b.      The document requests seek evidence that the Al-Sari Individual Defendants have divested assets of FAL Oil Co. LLC in excess of FAL Oil Co. LLC's debt to CBD and similarly divested their own assets in excess of the guarantee obligations to CBD.  This includes documents showing the amount and value of assets that the Al-Sari Individual Defendants and FAL Oil Co. LLC converted into stones (e.g., diamonds), jewelry, cash, precious metals and the like, and how the the Al-Sari Individual Defendants and FAL Oil Co. may purport to have "divested" those assets;

        c.      The document requests seek evidence that although the Al-Sari Individual Defendants have nominally "divested" certain assets by transferring those assets to companies nominally "owned" and/or "controlled" by their relatives, in fact Al-Sari Defendants continue to own and control the purportedly "divested" assets.  This can be show with the same types of documents described above.

21.      Without having received any documents from Respondents pursuant to the subpoenas sought to be served in this petition, CBD cannot assess at this time whether it will need testimony from Respondents' corporate representatives.  Nevertheless, so as to not

further burden the Court with multiple requests for additional testimony, CBD seeks this Court's authorization to subpoena testimony from corporate representatives from Respondents addressing the topics as shown in the deposition subpoenas attached hereto as Exhibits G through L.

## No Prior Application

22. No previous application for the relief sought by this petition, or for any similar relief, has been made to this or any other court by CBD. This application is made in good faith and to promote the ends of justice.

23. Like most Section 1782 applications, this application is made on an *ex parte* basis for the sake of speed and economy.

## Claim for Relief Sought

24. The allegations of paragraphs 1-23 above are incorporated by reference as if fully set forth herein.

25. Section 1782(a) authorizes this Court to order a person within its jurisdiction "to give his testimony or statement or to produce a document . . . for use in a proceeding in a foreign or international tribunal." An order under § 1782(a) may be entered on the application of "any interested person." *Id*. The twin aims of § 1782(a) are "providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts." *In re Application of Metallgesellschaft AG*, 121 F.3d 77, 79 (2d Cir. 1997) (internal quotation marks omitted).

26. The Sharjah Action is a "proceeding in a foreign or international tribunal" within the meaning of Section 1782(a). *See Lancaster Factoring Co. v. Mangone*, 90 F.3d 38, 41 (2d Cir. 1996) (interpreting "proceeding" to mean a "proceeding in which an adjudicative function is being exercised").

27. As well, CBD is contemplating adding additional claims for relief regarding additional fraudulent conveyances to the Sharjah Action; this too is within the scope of Section 1782. As the Supreme Court has held, "the 'proceeding' for which discovery is sought under § 1782(a) must be in reasonable contemplation, but need not be 'pending' or 'imminent.'" *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 259 (2004).

28. CBD, as a litigant in the Sharjah Action is the paradigmatic "interested person" within the meaning of Section 1782(a). *Intel*, 542 U.S. at 257 ("'any interested person' is intended to include . . . litigants before foreign or international tribunals") (internal quotation marks and citations omitted).

29. This Court should exercise its discretion because the sought discovery cannot be ordered by the UAE court, because—insofar as CBD is aware—those courts do not have jurisdiction over Respondents. *See Intel*, 542 U.S. at 264 (concluding that whether the foreign tribunal has jurisdiction over the party from whom discovery is sought is a factor salient to the exercise of the Court's discretion under § 1782). As explained by the Supreme Court in *Intel*, non-participants in the foreign action—such as Respondents here—"may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid." *Id*.

30. This Court should further exercise its discretion because this petition is not an attempt to circumvent restrictions on discovery under UAE or other foreign countries' laws. Indeed, CBD anticipates that the UAE courts will accept as evidence any discovery obtained purusant to 28 U.S.C. § 1782.

31. The requested discovery is not unduly intrusive or burdensome, *see id*., but rather narrowly-tailored to ascertain facts directly relevant to establishing CBD's fraudulent conveyanace claims against the Al-Sari Individual Defendants and the Al-Sari Company Defendants.

WHEREFORE, petitioner CBD respectfully requests the entry of an *ex parte* order, in the form to which this petition is annexed, authorizing the service on Respondents of subpoenas, in substantially the form of the draft subpoenas annexed as Exhibits A through L to obtain evidence for use in CBD's litigation in the UAE.

Dated: New York, New York
June 30, 2017

Respectfully submitted,

/s/ *Robert W. Hamburg*
Robert W. Hamburg
M<small>AYER</small> B<small>ROWN</small> LLP
1221 Avenue of the Americas
New York, NY 10020
(212) 506-2500
RHamburg@mayerbrown.com

*Of Counsel:*

Alex C. Lakatos
M<small>AYER</small> B<small>ROWN</small> LLP
1999 K Street N.W.
Washington, DC 20006
(202) 263-3000
ALakatos@mayerbrown.com

*Attorneys for Petitioner Commercial Bank of Dubai*