UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

– – – – – – – – – – – – – – – – – – – –     x

In the Matter of the Application of          :

COMMERCIAL BANK OF DUBAI          :

                         Petitioner,          :

for an Order under 28 U.S.C. § 1782(a) Authorizing :
Service of a Subpoena to Require Testimony and
the Production of Documents by          :

ALISHAEV BROTHERS, INC.,          :
ALISHAEV JEWELRY REFINING CORP.,
DANIELA DIAMONDS          :
JACOB & CO.
JACOB ARABO          :
MADISON AVENUE DIAMONDS
                                          :
                         Respondents,          :

for Use in an Action in Lawsuit No. 4733/2104,          :
Sharjah Court of First Instance, Plenary
Commercial, Sharjah, UAE;          :

– – – – – – – – – – – – – – – – – – – –     :

CASE No. 17-misc-


**PETITIONER COMMERCIAL BANK OF DUBAI'S MEMORANDUM OF LAW IN
SUPPORT OF ITS PETITION FOR AN ORDER UNDER 28 U.S.C. § 1782(a)**

Petitioner Commercial Bank of Dubai ("CBD"), by its attorneys, Mayer Brown LLP, respectfully submits this memorandum of law in support of its petition for an *ex parte* order under 28 U.S.C. § 1782(a), authorizing service of a subpoena directing the production of documents and testimony by Respondents Alishaev Brothers, Inc., Alishaev Jewelry Refining Corp., Daniela Diamonds, Jacob & Co., Jacob Arabo, and Madison Avenue Diamonds.

As the Supreme Court explained in *Intel Corp. v. Advanced Micro Devices, Inc.*, 28 U.S.C. § 1782(a) ("Section 1782") "is the product of congressional efforts, over the span of nearly 150 years, to provide federal-court assistance in gathering evidence for use in foreign tribunals."  542 U.S. 241, 247 (2004). Section 1782 authorizes an interested person, such as CBD, to apply directly to a U.S. district court for production of documents to be used in foreign proceedings.[1]  Section 1782 (titled "Assistance to foreign and international tribunals and to litigants before such tribunals") provides in relevant part that "[t]he district court . . . may order [respondent] to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal."

Because CBD's request meets the statutory requirements of Section 1782, and because the discretionary factors identified by the Supreme Court in *Intel* also favor discovery, the Court should grant petitioner's *ex parte* request for an order under Section 1782.

---

[1] As with applications for third-party subpoenas, it is common practice for applications for assistance under Section 1782 to be filed *ex parte*.  *See Gushlak v. Gushlak*, 486 Fed. Appx. 215, 217 (2d Cir. 2012) (stating that "it is neither uncommon nor improper for district courts to grant applications made pursuant to § 1782 *ex parte*"); *In re Application of Ishihara Chemical Co., Ltd.*, 121 F. Supp. 2d 209, 211 n.1 (E.D.N.Y. 2000) ("Discovery requests of the type authorized by § 1782, however, 'are customarily received and appropriate action taken with respect thereto *ex parte*.'") (internal citation omitted).

1

## FACTUAL BACKGROUND

Petitioner CBD has filed an action – asserting claims under foreign law that are in many respects similar to a cause of action for fraudulent conveyance under New York law[2] – in the United Arab Emirates ("UAE").  (Petition ¶ 1.)  That action is *Commercial Bank of Dubai v. Al-Sari. et al.*, Lawsuit No. 4733/2014, in the Sharjah Federal Court of the First Instance, Plenary Commercial Department, UAE (the "Sharjah Action").

The defendants (and the "involved opponents," similar to defendants) in the Sharjah Action are (i) Mohamed Abduallah Juma Al-Sari, (ii) Majid Abdullah Juma Al-Sari, (iii) Abdullah Juma Majid Al-Sari (collectively, the "Al-Sari Individual Defendants"), and (i) Horizon Energy Co. LLC, (ii) Sari Investments Company LLC, (iii) Alsoor Investments LLC, (iv) Alsoor General Trading LLC, (v) Grand Valley General Trading LLC, and (vi) Investment Private Group Ltd. (collectively, the "Al-Sari Company Defendants").  CBD needs to obtain evidence from Respondents, who have their principal place of business in New York, New York, to aid in the Sharjah Action.  (Petition ¶¶ 13-16, 20.)

CBD's allegations in the Sharjah Action can be briefly summarized.  CBD extended a loan in the amount of AED 472,676,345.71 (approximately $118 million) to FAL Oil Co. LLC ("FAL Oil"), a UAE company.  (Petition ¶ 4.)  The loan was guaranteed by the Al-Sari Individual Defendants, who own FAL Oil, and also guaranteed by Investment Private Group Ltd. ("IPGL") (another company owned by the Al-Sari Individual Defendants).  *Id.*  FAL Oil defaulted on its loan to CBD, and the Al-Sari Individual Defendants and IPGL have defaulted on their gurantee obligations.  *Id.*  Moreover, the Al-Sari Individual Defendants have engaged in a

---

[2] N.Y. Debt. & Cred. L. § 276 (McKinney 2005) that provides that a conveyance will be deemed fraudulent if a debtor makes the conveyance to a transferee with the intent to hinder, delay or defraud its creditor.

campaign of ongoing fruadulent conveyances to avoid honoring FAL Oil's debt and their guarantees. *Id.* Consequently, in the Sharjah Action, CBD seeks to unwind the fraudulent conveyances that CBD has identified to date. *Id.*

## ARGUMENT

Under Section 1782, district courts have discretion over whether to order the production of evidence to benefit a foreign proceeding, as well as discretion over the extent of the evidence to be produced for the benefit of the foreign litigation.[3] "The goals of [Section 1782] are to provide equitable and efficacious discovery procedures in United States courts for the benefit of tribunals and litigants involved in litigation with international aspects, and to encourag[e] foreign countries by example to provide similar means of assistance to our courts. In pursuit of these twin goals, the statute has, over the years, been given increasingly broad applicability." *Brandi-Dohrn v. IKB Deutsche Industriebank AG*, 673 F.3d 76, 80 (2d Cir. 2012) (internal citations and quotation marks omitted).

**I.     CBD's Request Meets the Statutory Requirements of Section 1782.**

Under Section 1782, an applicant such as CBD must meet four conditions for its application to be granted.

*First*, the person from whom discovery is sought must reside or be found in this district, the Southern District of New York. *Brandi-Dohrn*, 673 F.3d at 80 (first statutory element).

---

[3] "The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal . . . The order may prescribe the practice and procedure, which may be in whole or part the practice or procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing." 28 U.S.C. § 1782(a).

Here, upon information and belief, all of the Respondents have their principal places of business in Manhattan, within the Southern District of New York.  Petition ¶¶ 13-16.

*Second*, the discovery must be sought in connection with a "foreign proceeding." *Brandi-Dohrn*, 673 F.3d at 80 (second statutory element). Here, the Sharjah Action, pending in a federal trial level court in Sharjah, UAE, is a "foreign proceeding" within the plain meaning of Section 1782.  Further, as the Supreme Court held in *Intel*, it is perfectly appropriate to utilize Section 1782 discovery even when a foreign proceeding is not pending; Section 1782 discovery is available when a foreign proceeding is "within reasonable contemplation."  542 U.S. at 259. Accordingly, CBD may properly seek discovery not only to prove its pending claims in the Sharjah Action, but also to support additional fraudulent conveyance (or similar) claims in the Sharjah Action.

*Third*, the evidence sought must be "for use" in the foreign proceedings, meaning that the evidence sought is relevant to those proceedings.  *See, e.g., In re Sveaas*, 249 F.R.D. 96, 106-108 (S.D.N.Y. 2008) (evidence requested was "for use" in foreign proceedings because it was relevant to those proceedings under Fed. R. Civ. P 26(b)(1)).  Here, the evidence sought is relevant to several issues being adjudicated in the Sharjah action, including whether the Al-Sari Individual Defendants have (1) acted intentionally, deliberately and/or wrongfully to frustrate CBD's efforts to collect the debt and guarantees that they and FAL Oil owe to CBD; (2) divested their own and/or FAL Oil's assets, in amounts exceeding their debt and guarantees to CBD; and (3) nominally "divested" certain assets by transferring them to companies nominally "owned" and/or "controlled" by their relatives, when in fact the Al-Sari Individual Defendants continue to own and control the purportedly "divested" assets.

The documents sought go directly to resolving the foregoing issues before the Sharjah Court.  With regard to the issue of the Al-Sari Individual Defendants' intent to frustrate CBD's debt collection, the documents sought are relevant to show transactions (1) without a reasonable business purpose; (2) timed to frustrate CBD's debt enforcement efforts; (3) that lack consideration, and (4) that involve "roundtrip" transactions or other nominal "divestment" of assets as to which the Al-Sari Individual Defendants in fact retain the beneficial ownership and use of the assets. With regard to the issue of the Al-Sari Individual Defendants' divestiture of assets exceeding the amount of FAL Oil's debt and their own guarantees, the documents sought are relevant to show (1) the amount and value of assets that the Al-Sari Individual Defendants and FAL Oil Co. LLC converted into stones (e.g., diamonds), jewelry, cash, precious metals and the like, and (2) how the Al-Sari Individual Defendants and FAL Oil Co. may purport to have "divested" those assets.  These same documents also will address a third disputed issue, *i.e.*, whether the Al-Sari Individual Defendants maintained beneficial ownership of assets they nominally divested.

*Fourth*, CBD must be, and is, an "interested person" in the Sharjah Action because CBD is the plaintiff in that action.  *Intel*, 542 U.S. at 256.

## II.    The Four Discretionary Factors Favor Granting CBD's Application

*Intel* held that, in cases where the Section 1782 statutory factors are met, four additional factors "bear consideration":  (1) whether the person from whom the evidence is sought is a party to the foreign proceeding and within the foreign tribunal's jurisdiction; (2) the nature of the foreign tribunal and its receptivity to United States judicial assistance; (3) whether the request is an attempt to circumvent the foreign proof-gathering restrictions or other policies of the foreign

country or the United States; and (4) whether the request is unduly intrusive or burdensome. 542 U.S. at 264-265.  Here, all four factors favor granting CBD's request.

*First*, *Intel* held that "the need for § 1782(a) aid generally is [more] apparent . . . when evidence is sought from a nonparticipant in the [foreign action]" because the evidence may be outside the foreign tribunal's jurisdictional reach. 542 U.S. at 264.  Here, this factor weighs in favor of granting CBD's request.  The Respondents are not parties to the Sharjah Action, nor— insofar as CBD is aware—are Respondents, *i.e.*, jewelry merchants based in Manhattan, subject to the jurisdiction of the UAE courts.

*Second*, "[p]arties that apply for discovery under § 1782 enjoy presumption in favor of foreign tribunal receptivity that can only be offset by reliable evidence that the tribunal would reject the evidence."  *In re Meydan Grp. LLC*, No. CIV.A. 15-02141 JLL, 2015 WL 2453757, at *4 (D.N.J. May 21, 2015) (granting Section 1782 Petition for US discovery in aid of proceedings in United Arab Emirates); *see also Euromepa S.A. v. R. Esmerian, Inc.,* 51 F.3d 1095, 1099– 1100 (2d Cir. 1995) ("[W]e believe that a district court's inquiry into the discoverability of requested materials should consider only authoritative proof that a foreign tribunal would reject evidence obtained with the aid of section 1782").

*Third*, there is no attempt here to circumvent foreign proof gathering restrictions, nor could there be, because the UAE court, insofar as CBD is aware, does not have jurisdiction over the Respondents.  As the court explained in *In re Application of Chevron Corp.*, 709 F. Supp. 2d 283 (S.D.N.Y. 2010), there can be no attempt to "circumvent the proof-gathering restrictions of the [foreign] court," where "neither the [foreign] court nor the [foreign] arbitral tribunal could compel [Respondent] to produce the [requested materials] because [Respondent] is not a party to

6

the foreign proceedings or subject to their writs." *Id.* at 292-93, *aff'd sub nom. Chevron Corp. v. Berlinger*, 629 F.3d 297 (2d Cir. 2011).

*Fourth*, the Request is not unduly burdensome or intrusive.  As an initial matter, the party responding to the Section 1782 discovery is the one that must establish that such discovery presents an undue burden. *In re Application of Bloomfield Inv. Res. Corp.*, 315 F.R.D. 165, 168 (S.D.N.Y. 2016).  Respondents could not do so here. The documents sought are related to a modest, enumerated list of specifically identified customers.  Also, the documents sought are limited to specifically enumerated types of documents (e.g., invoices, grading reports), rather than broad requests for "any documents related" to certain topics.  The documents are the type of materials (e.g., sales records) that merchants routinely keep and typically can access readily fort their own business purposes.  And no complex eDiscovery, such as email searches, use of Boolean operators (such as "and," "or," and "not"), or the like, is required.

## CONCLUSION

For the reasons set forth herein, as well as those set forth in the Petition for an Order Under 28 U.S.C. § 1782(a), petitioner CLR hereby respectfully requests that the Court grant its petition for an *ex parte* order under 28 U.S.C. § 1782(a).

7

Dated:   New York, New York
           June 30, 2017

Respectfully submitted,

/s/ *Robert W. Hamburg*
Robert W. Hamburg
MAYER BROWN LLP
1221 Avenue of the Americas
New York, NY 10020
(212) 506-2500
RHamburg@mayerbrown.com

*Of Counsel:*

Alex C. Lakatos
MAYER BROWN LLP
1999 K Street N.W.
Washington, DC 20006
(202) 263-3000
ALakatos@mayerbrown.com

*Attorneys for Petitioner Commercial Bank of Dubai*

8